# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

MARKO BURTON,

    Plaintiff,

v.

SGT. ANDREW JENKINS; and OFFICER CHRISTOPHER BENNETT,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-33

## O R D E R

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Doc. 1.) The Court has conducted the requisite frivolity review of that Complaint. Plaintiff's allegations arguably state colorable claims for relief under 42 U.S.C. § 1983 against Defendants Andrew Jenkins and Christopher Bennett. Consequently, a copy of Plaintiff's Complaint and a copy of this Order shall be served upon these two Defendants by the United States Marshal without prepayment of cost. However, the Court **DENIES** Plaintiff's request for the appointment of counsel.

## BACKGROUND[1]

Plaintiff filed this action against Defendants on March 30, 2015. (Doc. 1.) He alleges that Defendants sexually abused and harassed him on October 15, 2014. (Id. at p. 5.) He states

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

that Defendants "belligerently" threw him on the ground. Id. Defendants then made him lay face down and then told him to strip naked in the presence of other inmates. Id. Defendants ordered Plaintiff to grab his testicles with his right hand and then place his finger from that same hand in his mouth. Id. Defendants then made Plaintiff bend over and spread his buttocks cheeks three times. Id. All of this was done in the presence of other inmates who screamed sexual comments at Plaintiff. Id. Plaintiff states that he has suffered mental and emotional damages as a result of this incident and that he has lost sleep and had to buy sleep medication. (Id. at p. 6.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R.

Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Claims of Violation of Right to Privacy

There is no express "right of privacy" in the United States Constitution, but courts have fashioned such a right from the Fourth Amendment protections from unreasonable searches and extended this "right" to prisoners in limited contexts. See Bell v. Wolfish, 441 U.S. 520, 558-560 (1979). The Supreme Court declined to extend the Fourth Amendment proscriptions against unreasonable searches to a prisoner's cell, Hudson v. Palmer, 468 U.S. 517, 526 (1984), but the Eleventh Circuit has recognized that prisoners retain some fundamental rights to privacy. Harris v. Thigpen, 941 F.2d 1495, 1513 n. 26 (11th Cir.1991). Specifically, the Eleventh Circuit has held that a prisoner retains a "limited constitutional right to bodily privacy." Fortner v. Thomas, 983 F.2d 1024, 1030 (11th Cir.1993). Inmates, like most people, have "a special sense of privacy in their genitals, and involuntary exposure of them in the presence of the other sex may be especially demeaning and humiliating." Id. at 1030 (quoting Lee v. Downs, 641 F.2d 1117, 1119 (4th Cir. 1981)). The Eleventh Circuit has declined to extend Fortner to mean that inmates have the same rights to bodily privacy as free persons and have held firm that this right is limited and should be evaluated on a case-by-case basis. Padgett v. Donald, 401 F.3d 1273, 1279 (11th Cir. 2005).

In this case, Plaintiff has alleged that Defendants threw him on the ground, forced him to strip naked, fondle his own genitals and then place his hand in his mouth, bend over, and spread his buttocks three times, all in the presence of other inmates. Construing Plaintiff's Complaint liberally, Defendants took these actions for no legitimate safety concerns or other penological

interest but instead for Plaintiff's humiliation and Defendants' pleasure. Based on these facts, and at this early stage, the Court finds that Plaintiff has alleged sufficient facts to state a claim that Defendants violated his right to privacy. See Bracey v. Price, No. CIV.A. 09-1662, 2012 WL 6015727, at *18 (W.D. Pa. Dec. 3, 2012) ("The right to privacy implicated by the Fourth Amendment in a prison context has been expressed in terms of guards viewing or conducting strip searches on prisoners of the opposite sex, or where the forced observation in front of guards of the same sex is intended to cause humiliation.")

## II. Excessive Force

Plaintiff claims that Defendants "belligerently" threw him to the ground. (Doc. 1, p. 5.) The Eighth Amendment's proscription against cruel and unusual punishment governs the amount of force that prison officials are entitled to use against inmates. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, courts consider the following factors: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Skelly v.

5

Okaloosa Cty. Bd. of Cty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)). At this early stage, the Court is not able to assess whether Defendant's throwing Plaintiff to the ground satisfies these components. However, Plaintiff has made sufficient allegations to state a plausible claim that Defendants used excessive force against him on the date of the incident.

### III. Intentional Infliction of Emotional Distress

In addition, Plaintiff arguably sets forth a state law tort claim for intentional infliction of emotional distress. See O.C.G.A. § 50-21-25. A Plaintiff claiming intentional infliction of emotional distress must prove four elements: "(1) intentional or reckless conduct (2) that is extreme and outrageous and (3) causes emotional distress (4) that is severe." Travis Pruitt & Associates, P.C. v. Hooper, 625 S.E.2d 445, 452 (Ga. App. 2005). Georgia courts have indicated that while there is no standalone claim for sexual harassment under Georgia law, such harassment can support a claim for intention infliction of emotional distress in some circumstances. Coleman v. Hous. Auth. of Americus, 381 S.E.2d 303, 306 (Ga. App. 1989). However, "to recover damages for emotional distress in the absence of physical injury or pecuniary loss resulting from physical injury, there must be evidence that [the defendants'] conduct directed at [the plaintiff] was malicious, willful, and wanton." Travis Pruitt, 625 S.E.2d at 452. At this stage, Plaintiff has stated sufficient facts to support a claim for intentional infliction of emotional distress by the Defendants' actions. The Court exercises its supplemental jurisdiction over this claim because it involves part of the same case or controversy as Plaintiff's federal claims. 28 U.S.C. § 1367(c). However, pursuant to O.C.G.A. § 50-21-25(b), "[i]n the event that the state officer or employee is individually named for an act or omission for which the state is liable under [the Georgia Tort Claims Act], the state government entity for which the

6

state officer or employee was acting must be substituted as the party defendant." As such, the Clerk of Court is hereby **DIRECTED** to add the Georgia Department of Corrections as a party Defendant in this case.

## IV. Plaintiff's Request for Appointment of Counsel

In his Complaint, Plaintiff asks that the Court appoint counsel to represent him in this case. (Doc. 1, p. 6.) In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir.2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir.1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir.1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir.1987) and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir.2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir.1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton

v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir.2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir.2013); McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir.2010); Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir.2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174).

This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. Accordingly, the Court **DENIES** Plaintiff's request for the appointment of counsel.

## CONCLUSION

Plaintiff's allegations arguably state colorable claims for relief under 42 U.S.C. § 1983 against Defendants Jenkins and Bennett and state law claims against the Georgia Department of Corrections. Consequently, a copy of Plaintiff's Complaint and a copy of this Order shall be served upon these three Defendants by the United States Marshal without prepayment of cost.[2] The Court **DENIES** Plaintiff's request for the appointment of counsel.

The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## **INSTRUCTIONS TO DEFENDANTS**

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will

---

[2] Service of process as to the Georgia Department of Corrections should be perfected in accordance with O.C.G.A. § 50-21-35.

first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's Failure notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or

organizations who are not named as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if

he desires to contest the Defendants' statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this 16th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA